**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 13 CR 930-1** |
| **v.** | ) | |
| | ) | |
| **MALCOLM CARPENTER** | ) | **Judge Milton I. Shadur** |
| | ) | |

**DEFENDANT MALCOLM CARPENTER'S MOTION TO SEVER
COUNTS OF THE INDICTMENT**

Defendant MALCOLM CARPENTER, by the Federal Defender Program and its

attorney, CERISE M. FRITSCH, respectfully moves this Court, pursuant to Rules 8 and

14 of the Federal Rules of Criminal Procedure, for an order granting a severance of

Count Three from Counts One and Two of the indictment. In support, Mr. Carpenter

states as follows:

1. The government has charged Mr. Carpenter in a three-count indictment.

Count One charges Mr. Carpenter with bank robbery in violation of 18 U.S.C. § 2113(a);

Count Two charges him with possessing a firearm in furtherance of a crime of violence,

in violation of 18 U.S.C. § 924(c); and Count Three charges him with being a convicted

felon in knowing possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. The rules by which the government may combine offenses in a single

indictment are outlined in Rule 8 of the Federal Rules of Criminal Procedure. Any form

of joinder not explicitly permitted under Rule 8 constitutes "misjoinder." However,

even where joinder is proper under Rule 8, it may nevertheless be "prejudicial,"

entitling a defendant to severance under Rule 14 of the Federal Rules of Criminal

Procedure.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that:

> The indictment or information may charge a defendant in separate counts
> with 2 or more offenses if the offenses charged--whether felonies or
> misdemeanors or both--are of the same or similar character, or are based
> on the same act or transaction, or are connected with or constitute parts of
> a common scheme or plan.

Fed. R. Crim. P. 8(a).

Accordingly, Rule 8(a) is concerned with the joinder of offenses committed by a

single defendant and provides three circumstances under which offenses may be joined

against a person: (1) where the offenses are of the same or similar character, (2) where

offenses are based on the same act or transaction, or (3) where offenses are based on two

or more acts or transactions connected together or constituting parts of a common

scheme or plan.

3.  Rule 14 of the Federal Rules of Criminal Procedure provides that a defendant

may move to sever counts as the result of prejudicial joinder of offenses in an

indictment or information which is otherwise proper under Rule 8.  Federal Rule of

Criminal Procedure 14 provides that "[i]f the joinder of offenses … for trial appears to

prejudice a defendant or the government, the court may order separate trials of counts,

sever the defendants' trials, or provide any other relief that justice requires."

4. Prejudice to a defendant by joinder of offenses may arise in that: (1) the jury may use the evidence of one crime to infer a criminal disposition of the defendant and find him guilty of the other crime or crimes; (2) the defendant may become embarrassed or confounded in presenting separate defenses; or (3) the jury may cumulate the evidence of various crimes charged and find guilt when, if considered separately, it would not so find. Any of these situations serves as a basis for severance of counts. *See, e.g., United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993) (finding error in failure to sever charge of felon in possession of a firearm from robbery charge where possession of a weapon was unrelated to robbery and joinder unduly prejudiced the jury); *United States v. Lewis*, 787 F.2d 1318 (9th Cir. 1986) (admission of other crimes in one count prejudiced defendant on other joined count, where evidence weak on second charge).

This Court is given wide latitude in determining whether a Rule 14 severance is appropriate. The decision is within its "sound discretion" and "will not be overturned absent a clear showing of an abuse of that discretion." *United States v. Dixon*, 184 F.3d 643, 645 (7th Cir. 1999). This deference is due in part to the fact that the "balancing of the cost of conducting separate trials and the possible prejudice inherent in a single trial is best conducted by the trial court." *United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990); *see also United States v. Pacente*, 503 F.2d 543, 549 n.8 (7th Cir. 1974) (must balance

3

"possible prejudice" against "inconvenience and expense to the Government, the court and the jurors").

Here, the balance must weigh in favor of severing Count Three from Counts One and Two. The conduct alleged in Count Three amounts to a status offense—Mr. Carpenter's alleged status as a convicted felon must be proven by the government beyond a reasonable doubt to a jury. The elements of the offense necessitate the jury's notice of this highly prejudicial information. Were Counts One and Two tried separately from Count Three, the government would not be allowed to parade Carpenter's alleged criminal history—an ordinarily impermissible form of evidence—before the jury.

Asking the jury to separate and compartmentalize this evidence from count to count is akin to asking rising flood waters to flow on only one side of a swollen river. The Court cannot control human nature, and the evidence from Count Three will flood the jury's deliberation on Counts One and Two. The unfair prejudice of this reality is clear. A defendant's prior criminal act "is said to weigh too much with the jury to so over persuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 475-76 (1948). The disallowance of prior bad acts evidence, "despite its admitted probative value, … tends to prevent confusion of issues, unfair surprise and undue

4

prejudice." *Id*. at 476. The risk of undue prejudice is high, as in this case, when joinder of counts allows evidence of other crimes to be introduced into trial which would otherwise be inadmissible. As a result, the only way to reconcile this risk of prejudice is to grant severance of the felon-in-possession count from Counts One and Two.

Alternately, should the Court find that severance of the counts is not warranted, Mr. Carpenter respectfully requests that the Court conduct a two-stage trial to prevent prejudice from the felon-in-possession count spilling over to the remaining counts. A single jury could be impaneled to hear first the evidence relating to the possession charges and then, after reaching a verdict, the evidence of prior conviction for the firearm charge. This way the jury only learns of the defendant's alleged prior felony conviction after the defendant is found to have knowingly possessed a firearm that had been transported in interstate commerce. The decision on whether to bifurcate a trial is at the trial court's discretion. *United States v. Alviar*, 573 F.3d 526, 545 (7th Cir. 2009); see also *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

WHEREFORE, for the foregoing reasons, Mr. Carpenter requests that the Court sever Count Three from the remaining counts for trial. Alternatively, Mr. Carpenter requests that the Court bifurcate his trial so that the jurors do not learn of his alleged prior felony conviction(s) unless and until they find that he knowingly possessed a firearm or ammunition that had been transported in interstate commerce.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Carol A. Brook
Executive Director

By:    /s/ Cerise M. Fritsch
        Cerise M. Fritsch
        *Attorney for Malcolm Carpenter*

FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8344

## CERTIFICATE OF SERVICE

The undersigned, Cerise Fritsch , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT MALCOLM CARPENTER'S  MOTION TO SEVER
COUNTS OF THE INDICTMENT**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on October 30, 2014, to counsel/parties that are non-ECF filers.

By:     /s/ *Cerise M. Fritsch*
         Cerise M. Fritsch
         FEDERAL DEFENDER PROGRAM
         55 E. Monroe St., Suite 2800
         Chicago, Illinois 60603
         (312) 621-8344

7